IVER BRUDEVOLD and W. F. Stremel, Administrators with the Will Annexed of the Estate of John H. Waldorf, Deceased, v. MARY E. WALDORF, Sarah A. Waldorf, Alfred M. Waldorf, and Harriett E. Tulle.

(164 N. W. 154.)

**Homestead — husband and wife — legal title in husband — death of husband — widow may occupy until remarriage — exemptions — personal property — amount and value — not liable for debts of deceased husband — law upon subject — mandatory — administrator must set aside exempt property — estate — residue — liable for debts left.**

Where the husband and wife were residing and living upon the homestead, the legal title of which was in the husband at the time of his death, after the death of the husband the widow may continue to reside upon such homestead, as defined by law, so long as she does not again marry. In addition to this, the widow is entitled as an exemption to personal property to the extent of $1,500; and none of such property shall be liable for any of the debts which the deceased owed at the time of his death. The law is mandatory, requiring the administrators of such estate to set aside for the use and benefit of the widow such exempt property. The residue of such property or estate, exclusive of all such exemptions, is chargeable with the debts owing by the decedent at the time of his death.

Opinion filed July 21, 1917.

---

NOTE.—On the question of widow's exemptions under homestead and exemption laws, see note in 4 L.R.A. (N.S.) 391, discussing the rights acquired by widowship of the widow and setting forth cases holding that, after the death of the husband, the widow becomes the head of the family and is entitled to homestead exemptions.

On effect of divorce on homestead rights, see notes in 23 L.R.A. 239, and 16 L.R.A. (N.S.) 114.

Appeal from the judgment of the District Court of Cass County, *Charles A. Pollock,* Judge.

Affirmed.

*W. J. Courtney,* for appellant.

The court could not make Mary E. Waldorf a party to this record and reinstate the appeal which she and her attorney of record had consented to dismiss in the manner here sought. Miller v. Glass, 14 Ill. App. 177; Smith v. Wilson, 26 Ill. 186; Cropper v. West, 4 Munf. 299; Craigen v. Thorn, 3 Hen. & M. 269.

Appellants were not consulted, nor did they know of such proceedings until the decision on the appeal which they themselves dismissed; we were not a party by stipulation or otherwise to such proceedings. A motion to reinstate an appeal must be made within the time between the making of the order of judgment of dismissal and the entry of the order or judgment of dismissal. Rayne v. O'Brien, 12 La. Ann. 400; Pipkin v. Green, 112 N. C. 355, 17 S. E. 534.

The court could not reinstate such an appeal. Its judgment of dismissal was an affirmance of the decision of the lower court; that when it was regularly entered the court could not reinstate the appeal unless fraud or mistake of fact which could not have been discovered appears, and no such claim is here made. Comp. Laws 1913, § 8618; People v. McDermott, 97 Cal. 248, 32 Pac. 7; People v. Sprague, 57 Cal. 147; Vance v. Pena, 36 Cal. 328; Hanson v. McCue, 43 Cal. 178; Rowland v. Kreyenhagen, 24 Cal. 52; Blanc v. Bowman, 22 Cal. 23; Leese v. Clark, 20 Cal. 387; Crogan v. Ruckle, 1 Cal. 193; Martin v. Wilson, 1 N. Y. 240; Mateer v. Brown, 1 Cal. 231, 52 Am. Dec. 303, 7 Mor. Min. Rep. 156; Delaplaine v. Bergen, 7 Hill, 591.

Mary E. Waldorf did not show that her appeal was taken in good faith, and is estopped to question the dismissal before taken and entered. Hagar v. Mead, 25 Cal. 598; Lightle v. Ivancovich, 10 Nev. 41.

The court cannot stipulate respondents in and stipulate the creditors out. Howell v. Van Ness, 31 N. J. L. 443.

*Pollock & Pollock,* for Mary E. Waldorf, respondent, and *V. R. Lovell* for Sarah A. Waldorf, respondent.

There are two questions to be determined. Who was the lawful wife of Waldorf at the time of his death? Then, was such wife entitled to homestead and exemption rights?

The legal representatives of Waldorf are not in a position to question the validity of the decree of divorce obtained by him from Sarah Waldorf. By the acts, agreement, and conduct of Sarah Waldorf, she is estopped also. Mohler v. Shank, 93 Iowa, 273, 34 L.R.A. 168, 57 Am. St. Rep. 274, 61 N. W. 981; Marvin v. Foster, 61 Minn. 154, 52 Am. St. Rep. 586, 63 N. W. 484; Re Morrison, 52 Hun, 102, 5 N. Y. Supp. 90; Karren v. Karren, 25 Utah, 87, 60 L.R.A. 302, 95 Am. St. Rep. 815, 69 Pac. 465.

The matter of reinstating the appeal was one addressed to the discretion of the trial court, and there was no statutory limitation against it. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Dedrick v. Charrier, 15 N. D. 515, 125 Am. St. Rep. 608, 108 N. W. 38; Acme Harvester Co. v. Magill, 15 N. D. 116, 106 N. W. 563; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92.

The decedent, while living and up to the time of his death, could not have questioned the property rights of Mary E. Waldorf in relation to his estate. He would have been estopped to do so. The administrators are in the same position, and they also are estopped. Marvin v. Foster, 61 Minn. 154, 52 Am. St. Rep. 586, 63 N. W. 484; Re Morrison, 52 Hun, 102, 5 N. Y. Supp. 90; Re Swales, 60 App. Div. 599, 70 N. Y. Supp. 220.

Grace, J. A very substantial statement of the facts in this case will greatly aid us in considering this case, and to a large extent will dispose of it.

John H. Waldorf died about the 1st day of October, 1912. At the time of his death he was living upon his homestead in Cass county. With him lived his second wife, Mary E. Waldorf. Prior to his marriage to Mary E. Waldorf, he was married to Sarah A. Waldorf, from whom he secured a divorce in the fall of 1911. Iver Brudevold and W. F. Stremmel were the administrators of the estate. Sarah A. Waldorf, his first wife, had never been in the state of North Dakota to live, but came to this state to be present at a hearing in the county court of Cass county. Much of the litigation in the county court of Cass county in the first instance was between Sarah A. Waldorf, the first wife, whose then attorney was Mr. V. R. Lovell, and Mary E. Waldorf, the second wife, whose attorneys were Pollock & Pollock. The only question in

the litigation between the two women in the county court was which of the two was the lawful widow of John H. Waldorf who, under the law would be entitled to the exemptions. Mary E. Waldorf made her claim for exemptions to the county court, which claim was resisted by Sarah A. Waldorf, the first wife, on the grounds that the decree of divorce granted John H. Waldorf during his lifetime from Sarah A. Waldorf was void by reason of defective service of the summons in the divorce action, and for that reason there was no divorce; Sarah A. Waldorf claiming for that reason that there was no divorce between her and John H. Waldorf; and if this were true, and held to be true, she would be the lawful widow of John H. Waldorf, and the second marriage would be invalid. This subject we will revert to a little later in the opinion.

Judge Hanson, of the county court of Cass county, attempted to hold, and did hold, that the decree of divorce was void and that John H. Waldorf had never been divorced from Sarah A. Waldorf, and that Sarah A. Waldorf was the surviving widow of John H. Waldorf, and denied exemptions to Mary E. Waldorf, the second wife, and granted exemptions to Sarah A. Waldorf, the first wife. This degree was filed in the county court on the 2d day of June, 1913. The administrators took no part in all of this litigation. Mary E. Waldorf appealed from the decree of the county court of June 2, 1913, to the district court of Cass county. Just before the district court convened in November, 1913, the attorneys,—Mr. Lovell for Sarah A. Waldorf, and Messrs. Pollock & Pollock for Mary E. Waldorf, signed a stipulation that the two widows would divide the estate equally regardless of which received the estate. Upon this stipulation being signed, the appeal from the order of June 2d of the county court was dismissed, which left the order of the county court standing in favor of Sarah A. Waldorf, the first wife. At this point the administrators applied to the county court by petition for an order to vacate the order of the court of June 2d which granted Sarah A. Waldorf, the first wife, exemptions. This application or petition was resisted by Mr. Lovell, the attorney for Sarah A. Waldorf. Various hearings were had, and on the 2d day of June, 1914, the county court of Cass county made its order setting aside and vacating its former order of June 2, 1913, and denied Sarah A. Waldorf any exemptions, and made the property liable

for the payment of debts.    Sarah A.. Waldorf, through her attorney
V. R. Lovell, perfected an appeal to the district court of Cass county,
and, when the matter came on to be heard in the district court, Pollock
& Pollock appeared for Mary E. Waldorf and made application to
have the appeal of Mary E. Waldorf, which was formerly dismissed—
about two years prior to the time of this hearing—reinstated.  The stipu-
lation dismissing her former appeal was signed by Pollock & Pollock,
counsel for Mary E. Waldorf, and V. R. Lovell, attorney for Sarah
A. Waldorf.    The dismissal was actually made on the 4th day of
November, 1913.    The district court of Cass county granted an order
to Mary E. Waldorf dismissing her former appeal more than two years
and three months before her application was made to reinstate the same.
The judge of the district court of Cass county, the Honorable Judge
Pollock, affirmed the decision of the county court with reference to
Sarah A. Waldorf, denied her any exemptions in the estate of John H.
Waldorf, and at the same time, and as a part of the same appeal, opened
up the case and reinstated the appeal of Mary E. Waldorf which had
formerly been dismissed in the manner we have recited.

We think the district court was right in affirming the last order of
the county court with reference to Sarah A. Waldorf and denying her
any exemptions, and by so doing holding that Mary E. Waldorf was the
lawful wife residing with John H. Waldorf upon his homestead at the
time of the death of John H. Waldorf, and as such is entitled to receive
all the exemptions provided for the widow by law.  She is entitled to the
homestead as defined by § 5605, Compiled Laws of 1913, so long as she
does not again marry, and in addition thereto is entitled to personal
property to the extent of $1,500, if there was so much personal property
in the estate of John H. Waldorf, and other allowances for her sup-
port if in the discretion of the county court she is in need of such
additional allowance.    Such exemptions as we have referred to, and
which are provided by statute, belong to the surviving widow, and at
no time are such exemptions subject to any debts which the husband
owed at the time of his death.    Furthermore, it is the duty of the admin-
istrator, made mandatory by such provisions relative to exemptions for
the widow, to set aside all such exempt property to the amount and in
the manner specified by law, if there is any such property.  It is only
out of other property, exclusive of all of such exempt property, that the

administrator may pay the debts which were owing by the deceased at the time of his death, or other claims which have arisen since his death which are properly chargeable against such estate. Sarah A. Waldorf never having resided in the state of North Dakota, never having been a resident or citizen thereof, nor ever having resided as the wife of John H. Waldorf with him upon his homestead, was never entitled to claim any exemptions, and she cannot be heard to make a collateral attack upon the decree of divorce which was granted in the divorce proceedings between her and John H. Waldorf. For the purposes of deciding this case, at least we assume that the decree of divorce was valid and binding on John H. Waldorf and Sarah A. Waldorf. The fact that John H. Waldorf had some creditors and owed some debts at the time of his death under the law can make no difference. The exemptions provided by law are no fund out of which such debts can be paid. The law specifically and lucidly sets apart all such exemptions for the benefit of the widow, and plainly says that such exempt property shall not be subject to be used to pay debts owed by the decedent at the time of his death. Such exempt property is not, therefore, subject to be used for the payment of any such debts, or any debts of the deceased, and it is the mandatory duty of the administrator to set aside all such exempt property as the law says shall be exempt in such case to the widow for her use and benefit.

The judgment appealed from is in all things affirmed, with costs.